IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES E. HEIM, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| BARCLAYS BANK DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff James E. Heim, III

respectfully shows the Court the following:

### Parties, Jurisdiction and Venue

1.      Mr. Heim is an individual and a "consumer" under 15 U.S.C. §

1681a(c).

2.      Defendant Barclays Bank Delaware ("Barclays") is a Delaware bank.

Barclays transacts business in the State of Georgia and is subject to the jurisdiction

of this Court pursuant to O.C.G.A. § 9-10-91(1).  Barclays may be served with

process by serving its registered agent, Corporation Service Company, at 251 Little

Falls Drive, Wilmington, Delaware 19808.

3.      The Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise

under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA").

4.      Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1B(1) and (3).

Factual Background

5.      In January 2017, Mr. Heim opened a revolving credit card account with Barclays (the "Account").

6.      Mr. Heim always paid the Account on a timely basis.

7.      In connection with the Account, Barclays would periodically provide Mr. Heim with so-called "convenience checks," which would allow Mr. Heim to obtain advances on the Account.

8.      Mr. Heim never used any of the convenience checks that Barclays sent him, and it was his general practice to destroy the convenience checks when he received them.

9.      In April 2022, Mr. Heim reviewed his monthly statement for the Account and noticed that three convenience checks totaling $12,500 had been written against the Account (the "3 Checks").

10.     Mr. Heim did not sign the 3 Checks.  Mr. Heim did not authorize anyone to sign the 3 Checks.  Mr. Heim did not obtain the proceeds of or otherwise

benefit from the 3 Checks.  In fact, Mr. Heim was not even aware of the 3 Checks until he reviewed his Account statement.

11.     Mr. Heim promptly notified Barclays that he did not sign, authorize, obtain the proceeds of or benefit in anyway from the 3 Checks.  He also disputed that he was obligated to pay the balance on the Account insofar as the balance included the $12,500 attributable to the 3 Checks, and he asked that the balance on the Account be reduced accordingly.

12.     Initially, Barclays adjusted the balance on the Account as requested by Mr. Heim, reducing it by $12,500 to account for the 3 Checks.

13.     Unfortunately, Barclays subsequently reversed its decision and insisted that Mr. Heim was obligated to pay the full balance due on the Account, including the $12,500 attributable to the 3 Checks.

14.     Thereafter, Barclays furnished information regarding to the Account to the three national consumer reporting agencies: Equifax, Experian and Trans Union (collectively, the "CRAs").

15.     Specifically, Barclays informed the CRAs (a) that the balance on the Account was over $13,000, which included the $12,500 that was attributable to the 3 Checks, and (b) stated that the Account was past due.  That information was inaccurate and derogatory.

16.    In an effort to correct the inaccurate and derogatory information that Barclays had furnished to the CRAs regarding the Account, Mr. Heim took several steps.

17.    First, Mr. Heim made a dispute regarding Barclay's handling of the the Account with the Consumer Financial Protection Bureau (the "CFPB").

18.    Second, Mr. Heim made a police report regarding the 3 Checks with the Brookhaven, Georgia Police Department.

19.    Third, Mr. Heim exercised his rights under 15 U.S.C. §§ 1681i(a) and 1681s-2(b) by disputing that information with the CRAs (the "Disputes").

20.    In his Disputes, Mr. Heim explained that he did not sign, authorize, obtain the proceeds of or benefit in anyway from the 3 Checks and provided:

      a.    Proof of his identity, including a copy of his driver's license.

      b.    A PDF of one of the convenience checks, which he obtained from Barclays.  (Barclays failed and refused to provide Mr. Heim with copies of the other two convenience checks.)

      c.    An exemplar of his signature, which showed that he did not sign the convenience checks.

      d.    A copy of the police report he made with the Brookhaven Police Department.

e.     A copy of a complaint that he filed with the CFPB regarding this matter.

21.     In compliance with 15 U.S.C. § 1681i(a), the CRAs were required to and did provide notice of Mr. Heim's Disputes to Barclays.

22.     Upon receipt of notice of the Dispute from the CRAs, Barclays was required to conduct a reasonable reinvestigation of the Disputes in compliance with 15 U.S.C. § 1681s-2(b).

23.     Barclays failed to conduct a reasonable reinvestigation of the Disputes by *inter alia*, (a) failing to consider the information provided by Mr. Heim, including the police report, (b) failing to compare the signatures on the 3 Checks to the exemplars it had for Mr. Heim, (c) failing to identify the financial institutions where the 3 Checks were cashed and determine whether Mr. Heim had accounts at those institutions, and (d) failing to investigate and determine who actually received the proceeds of the 3 Checks.

24.     Following Barclays' negligent and/or willful failure to conduct reasonable reinvestigations of the Disputes, Barclays informed the CRAs that the information it had furnished to them regarding the Account was accurate.

25.     Thus, inaccurate and derogatory information remained on Mr. Heim's Experian and Trans Union consumer reports.

26.     As a proximate result thereof, Mr. Heim has suffered actual damages, including but not limited to at least one denial of credit, loss of credit opportunities and emotional distress, including anxiety and fear stemming from, *inter alia*, his concern that he would not be able to obtain SBA financing for a business he was planning to purchase.

<u>Count 1 – Violation of 15 U.S.C. § 1681s-2(b) by Barclays</u>

27.     Barclays negligently, or in the alternative recklessly and/or willfully, violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable reinvestigation of the Disputes as alleged in Paragraph 23 above.

28.     As a proximate result thereof, Mr. Heim has suffered and is entitled to recover actual damages as alleged in Paragraph 26 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

29.     As a result of Barclays' reckless and willful violations of 15 U.S.C. § 1681s-2(b), Mr. Heim is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

30.     As a result of Barclays' reckless and willful violations of 15 U.S.C. § 1681s-2(b), Mr. Heim is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

31.    Mr. Heim is also entitled to recover his costs or this action and reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Mr. Heim respectfully prays that the Court:

1.    Issue process to Barclays;

2.    Conduct a trial by jury of all claims asserted herein;

3.    Enter judgment in favor of Mr. Heim as consistent with the jury's verdict; and,

4.    Grant Mr. Heim such other and further relief as it deems just and necessary.

This 11th day of October, 2022.

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC**<br>1872 Independence Square, Suite D<br>Dunwoody, Georgia 30338 | */s/ Craig E. Bertschi*<br>Craig E. Bertschi<br>Georgia Bar No. 055739<br>ceb@mcraebertschi.com<br>678.999.1102<br><br>Charles J. Cole<br>Georgia Bar No. 176704<br>cjc@mcraebertschi.com<br>678.999.1105<br><br>*Counsel for Plaintiff* |