IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES E. HEIM, III, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:22-cv-04067-ELR-CMS |
| BARCLAYS BANK DELAWARE, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

This Fair Credit Reporting Act case is before the court on the parties' Joint Motion to Stay Proceedings and Compel Arbitration [Doc. 9]. For the reasons discussed below, I **RECOMMEND** that the parties' joint motion be **GRANTED** and that this action be **STAYED**.

## I.   BACKGROUND

On October 11, 2022, plaintiff James E. Heim, III ("Plaintiff") filed this action against Barclays Bank, alleging that it violated the FCRA by failing to conduct a reasonable reinvestigation of his credit card account disputes. [Doc. 1, Compl.].

The parties state that they have since agreed to arbitrate all of the claims in this case pursuant to a written arbitration agreement. [Doc. 9 at 1]. The parties request that this Court enter an order that states that all of the claims in this lawsuit be submitted to final, binding arbitration with the American Arbitration Association and that this lawsuit be stayed. [*Id.*].

AO 72A
(Rev.8/82)

## II. ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, which was originally enacted in 1925, states that agreements requiring the submission of disputes to arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA's "purpose was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts."  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).  Under the FAA, the court is required to stay proceedings and to compel arbitration if it determines that a binding arbitration agreement between the parties exists, and that the claims at issue before the court are within the scope of the claims the parties agreed to arbitrate.  *See* 9 U.S.C. §§ 3, 4.  "These provisions [of the FAA] manifest a 'liberal federal policy favoring arbitration agreements.'"  *Gilmer*, 500 U.S. at 25 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute."  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).  Once the court finds the presence of an agreement, it must next decide "whether legal constraints external to the parties'

2

agreement foreclose[] the arbitration of those claims." *Id.* at 628. Courts must decide, for example, "whether Congress intended, in the enactment of other statutes, to prevent or limit the arbitrability of statutory claims...." *Prudential Ins. Co. v. Lai*, 42 F.3d 1299, 1303-04 (9th Cir. 1994). Here, there is no indication from either party or the relevant case law that Congress did not intend FCRA claims to be subject to arbitration. *See Goodall v. American Express Co.*, No. 8:18-cv-3009-T-35TGW, 2019 WL 4306404, at * 6 (M.D. Fla. Aug. 26, 2019) (citing numerous cases concluding that FCRA claims are subject to arbitration).

Accordingly, based on the legal authority cited above, and because the parties jointly represent that Plaintiff has agreed to arbitrate all of the claims in this case pursuant to a written arbitration agreement, I **RECOMMEND** that the parties' Joint Motion to Stay Proceedings and Compel Arbitration [Doc. 9], pursuant to the Federal Arbitration Act, 9 U.S.C. § 3, be **GRANTED** and that this action be **STAYED** pending completion of the alternative dispute resolution process agreed to by the parties.

### III. CONCLUSION

For the reasons stated, I **RECOMMEND** that the parties' Joint Motion to Stay Proceedings and Compel Arbitration [Doc. 9] be **GRANTED** and that this action be **STAYED** pending completion of the parties' arbitration proceedings. Because additional proceedings may not be necessary in this court, I further **RECOMMEND**

3

AO 72A
(Rev.8/82)

that the Clerk of the Court be **DIRECTED** to administratively close the case. Should additional proceedings become necessary, either party may file a motion to reopen the case.

**IT IS SO RECOMMENDED**, this 28th day of November, 2022.

_____
**CATHERINE M. SALINAS**
**UNITED STATES MAGISTRATE JUDGE**